IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA F. RUDERMAN, Individually and as a Trustee of the Debra Freed Ruderman Declaration of Trust dated October 9, 1995, as Amended,<br><br>    Plaintiff,<br><br>  v.<br><br>LAURANCE H. FREED,<br><br>    Defendant. | Case No. 14 C 9079<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

There are two motions before the Court — Defendant Laurance Freed's ("Freed") Motion to Dismiss Count V of Plaintiff Debra Ruderman's ("Ruderman") First Amended Complaint [ECF No. 37], and Freed's Motion for Compulsory Joinder pursuant to Rule 19 [ECF No. 39]. For the reasons stated herein, both motions are granted in part and denied in part.

### I. ANALYSIS

#### A. Motion to Dismiss Count V

The underlying facts of this case are recited in this Court's prior order and will not be repeated here in great detail. Count V is labeled as a claim for "fraud and fraudulent concealment" and describes two types of common-law fraud. Ruderman alleges that Freed (1) made "false and misleading statements" when he forged her

signature on certain documents, and (2) concealed material information from her by failing to disclose the existence of those documents and her forged signature on them. In Illinois, a common-law fraud claim may be based on a false statement or a fraudulent concealment. *Future Envtl., Inc. v. Forbes,* No. 13 C 709, 2014 WL 3026485, at *4 (N.D. Ill. July 3, 2014) (citation omitted).

Freed argues that Ruderman's fraudulent concealment claim should be dismissed because she has failed to show that the forgeries could not have been discovered through reasonable inquiry and because she has not satisfied the heightened pleading standard of Rule 9(b). To state a claim for fraudulent concealment, a plaintiff must allege, among other things, that she "could not have discovered the truth through reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and justifiably relied upon the defendant's silence as a representation that the fact did not exist." *Bauer v. Giannis,* 834 N.E.2d 952, 957–58 (Ill. App. Ct. 2005).

Relying on *Taylor v. Feinberg,* Ruderman argues that a fiduciary relationship alone may satisfy the reasonable inquiry requirement. In *Taylor*, the plaintiff's brother allegedly concealed the misappropriation of family funds from his sister. *Taylor v. Feinberg,* No. 08-CV-5588, 2011 WL 3157291, at *1 (N.D. Ill. July 26, 2011). However, the court held that the alleged fiduciary duty between the siblings satisfied "the duty to speak requirement" of a fraudulent concealment claim — not the requirement of reasonable inquiry. *Id.* at *5; *see also, D'Attomo v. Baumbeck,* 36 N.E.3d 892, 913 (Ill. App. Ct. 2015) (noting that even if plaintiffs had alleged a fiduciary

relationship, they would still need to plead reasonable inquiry to survive dismissal).

To plead reasonable inquiry adequately, Ruderman must provide facts showing that she was either denied the opportunity to make a reasonable inquiry, or that she could not discover the truth in spite of her reasonable inquiry. *See, Bauer,* 834 N.E.2d at 957–58. The Amended Complaint contains new allegations that Ruderman "could not have discovered that [Freed was forging her name] through the exercise of reasonable diligence" and "in the exercise of reasonable diligence could not inquire into the existence of the forged documents." (*See,* Am. Compl. ¶¶ 129–131.) Only one paragraph of the Amended Complaint describes Freed's refusal to provide information, and it does so in very general terms: "Over the years Ruderman has repeatedly asked Freed for DDL financial information. Freed has withheld such information." (*Id.* ¶ 62.) Few other details of Ruderman's efforts are provided. Nevertheless, piecing the allegations together and construing them in the light most favorable to Ruderman, the Court finds that she has adequately pleaded reasonable inquiry.

Under Rule 9(b), Ruderman must also "state with particularity the circumstances constituting fraud." In its previous order, the Court found that Ruderman's fraudulent concealment claim failed to satisfy this heightened pleading standard because Ruderman did not describe the "type of document" in which the omissions should have appeared. Upon consideration of Ruderman's opposition to the instant motion, however, the Court finds such a requirement is not essential to a claim based on the concealment of "the very existence" of certain

documents.  (Pl.'s Resp., ECF No. 43, at 9.)  Moreover, Ruderman has described with particularity the concealed documents and when they should have been disclosed to her.  (*See, id.* at 10–11.)  For these reasons, the Court denies Freed's Motion to Dismiss Ruderman's claim for fraudulent concealment.

To the extent that Ruderman attempts to state a claim for fraud based on a "false statement," however, Count V fails.  To state a claim for fraudulent misrepresentation, Ruderman must allege the following:

> (1) [a] false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from that reliance.

*Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012). Freed may have intended that financial institutions and other entities act in reliance on the forged signatures, and other entities may have indeed relied on them.  But the Amended Complaint is devoid of any allegations that the forged signatures were intended to induce *Ruderman* to act, or that *Ruderman* acted in reliance on her own forged name.  Although Count V states a claim for fraudulent concealment, it does not state a claim for fraudulent misrepresentation.

### B.  Motion for Compulsory Joinder

Freed argues that Counts II, III, and VIII require joinder of three interrelated limited liability companies that he controls:  DDL, Joseph Freed and Associates ("JFA"), and LDD-West ("LDD").  To recap the facts, Freed is sole manager and majority owner of DDL, which was established to run the real estate business started by his and

Ruderman's father. He is also president and sole manager of JFA, a wholly owned subsidiary of DDL and now the principal operating entity of the real estate business. Together, Ruderman, Freed, and their brother Daniel are members of LDD, but this entity is managed by JFA.

According to the Amended Complaint, Ruderman's forged signature was used to transfer certain interests from her trust to DDL. In Counts II and VIII, Ruderman asks the Court to declare the following Transfer Agreements null and void: (1) a January 2006 "Assignment of LLC Interests" purporting to transfer Ruderman's trust's 1.6% interest in a shopping center venture to DDL, and (2) a January 2007 "Transfer and Assumption of Percentage Interest" purporting to assign Ruderman's trust's 8.6% interest in a real estate investment firm to DDL. In Count III, Ruderman seeks an accounting of Freed's management and operation of DDL and LDD.

Freed contends that under Rule 19, DDL is a required party to Counts II and VIII, and that all three entities are required parties to Count III. "Rule 19 establishes a two-step analysis of compulsory joinder problems . . . ." *Krueger v. Cartwright,* 996 F.2d 928, 933 (7th Cir. 1993). The first step is to determine whether the party is one "required to be joined if feasible." FED. R. CIV. P. 19(a). To answer this question, the Court considers the following:

> (1) whether complete relief can be accorded among the parties to the lawsuit without joinder, (2) whether the absent person's ability to protect its interest in the subject-matter of the suit will be impaired, and (3) whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent person joins the suit.

*Thomas v. United States,* 189 F.3d 662, 667 (7th Cir. 1999) (citing FED. R. CIV. P. 19(a)). If the court concludes that the party should be joined but cannot be, it must then determine if the litigation can proceed in that party's absence. *See,* FED. R. CIV. P. 19(b).

The Court begins with Count III, the request for an accounting. Freed argues that DDL, JFA, and LDD must be joined because he "does not possess the authority to order these entities to undertake an accounting of their corporate records," and thus, complete relief cannot be afforded in their absence. In general, "[a]ll persons interested in the subject matter should be made parties to an action for an accounting." Ill. Law and Practice, Accounting § 6. Here, however, Freed is the sole manager of DDL and JFA. JFA, in turn, manages LDD. This gives Freed the authority to grant the relief that Ruderman seeks in Count III: "to make available for inspection and copying all books, records and legal documents with respect to the business of any of those entities." (Am. Compl. ¶ 112.) The Court therefore denies Freed's Motion for Joinder as to Count III.

The Court now turns to Counts II and VIII. One of Freed's arguments is that DDL's absence risks exposing him to "inconsistent obligations." Freed contemplates a situation in which this Court declares the Transfer Agreements null and void, and then DDL — not bound by that judgment — initiates "a second declaratory judgment action" to prevent being divested of the interests the Transfer Agreements purportedly assigned. (Freed Mem., ECF No. 39, at 6.) Ruderman contends that Freed might be subject to a subsequent action for money damages, but not "inconsistent obligations."

"Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Grubb & Ellis Co. v. Huntington Hoffman, LLC,* No. 10-CV-5068, 2010 WL 4962846, at *3 (N.D. Ill. Dec. 1, 2010) (quoting *Delgado v. Plaza Las Americas,* 139 F.3d 1, 3 (1st Cir. 1998)) (internal quotations omitted). To avoid the risk of inconsistent obligations, courts within this District "have required joinder where there is a danger of conflicting judgments regarding property ownership." *Id.*

Here, even if this Court were to declare the Transfer Agreements null and void, DDL itself would not be bound by the judgment and could still seek to enforce the Transfer Agreements. If DDL prevailed in a separate action of this kind, Freed and Ruderman would face conflicting judgments as to who the assigned interests belong. Such an outcome would subject both parties to "inconsistent obligations."

Moreover, as a contracting party, DDL "is the paradigm of an indispensable party." *Davis Companies v. Emerald Casino, Inc.,* 268 F.3d 477, 484 (7th Cir. 2001) (citation and internal quotations omitted). "If the absent party has a legally protected interest in the subject matter of the action — *i.e.,* he is a party to a contract at issue — he falls squarely within the terms of Rule 19(a)(2)." *Burger King v. Am. Nat. Bank & Tr. Co. of Chi.,* 119 F.R.D. 672, 675 (N.D. Ill. 1988); *see also,* 7 Charles Alan Wright & Arthur R. Miller, *et al.,* Federal Practice and Procedure § 1613 (3d ed.) ("In cases . . . challenging the validity of a contract, all parties to the

contract probably will have a substantial interest in the outcome of the litigation and their joinder will be required.").

Ruderman contends that DDL's decision not to intervene — despite its knowledge of the lawsuit, representation by separate counsel, and inclusion in discovery matters — demonstrates that joinder is unnecessary. "Courts frequently consider the refusal of an absent party to seek intervention as a factor mitigating against the necessity of joining him pursuant to Rule 19(a)." *Burger King,* 119 F.R.D. at 678. Where diversity is not an issue, the lack of intervention may evidence either a "lack of interest in the dispute, or confidence in the representation to be provided." *Id.* at 679. As manager and majority owner of DDL, Freed presumably shares the same interests as DDL. However, where a person's absence may subject one of the existing parties to "a substantial risk of incurring double, multiple or otherwise inconsistent obligations . . . the fact that one of the parties may fully represent the absent person's interest will not remove the latter's Rule 19(a) status." *Id.* at 678 n.5 (citation and internal quotations omitted).

Because DDL is subject to service of process and its joinder will not deprive the court of subject-matter jurisdiction, joinder is feasible. *See, Askew v. Sheriff of Cook Cnty., Ill.,* 568 F.3d 632, 635 (7th Cir. 2009). Accordingly, the Court orders DDL to be joined to this suit as a defendant pursuant to Rule 19(a)(2).

## II. CONCLUSION

For the reasons stated herein, Freed's Motion to Dismiss [ECF No.37], and Motion for Joinder [ECF No. 39] are granted in part and

denied in part.  Pursuant to Rule 19(a)(2), the Court orders that DDL be joined to this suit as a defendant.

**IT IS SO ORDERED.**

                                          _____
                                          Harry D. Leinenweber, Judge
                                          United States District Court

Dated: 11/24/2015